## KENNON *versus* M'REA.

In regard to the incompetency of a witness, a distinction exists, as to an inter-
est in the *question*, and an interest in the *event* of the suit; and a witness will
not be held incompetent to testify, unless it appear, that he is to gain or lose
by the *event* of the suit: and any objection as to his interest in the question,
goes to his credibility.

As a general rule, an indorser of a note or bill, is incompetent in respect to his
*interest*, as a witness in favor of a *subsequent* endorsee, to charge any party to
the instrument whose liability is *anterior* to his own.

A release entered on the minutes of the Court, (not signed, sealed or delivered
to the witness, and implying a mere discharge as to the *interest in the particular
action*,) is not sufficient to authorise an incompetent witness to give testimony.

This was an action of Assumpsit in Tuskaloosa Circuit Court commenced by McRea against Kennon.

The plaintiff declared against the defendant, as indorser of a promissory note, drawn by one Longmire, in favor of one Shaw, and by him endorsed to the defendant.

The plaintiff was the indorsee of one Fuller; who was the indorsee of Kennon. On the trial, Fuller, the indorser of the plaintiff was introduced as a witness to prove, that the defendant had promised to pay him the amount of the note. It appeared that there had previously been entered on the minutes of the Court, a release on the part of the plaintiff, to the interest of Fuller, and the Court held him to be a competent witness, and having testified, judgment was given for the plaintiff. The defendant prosecuted his writ of error here.

WILSON, for Plaintiff in error—STEWART, *contra.*

By Mr. Chief-Justice SAFFOLD :

*Assumpsit* was brought by McRea as *indorsee,* against Kennon as indorser of a promissory note. The note was made by one Longmire, payable to Shaw, who indorsed it to Kennon, who endorsed it to one Ezekiel Fuller, who endorsed it to McRea, the plaintiff below.

At a term of the Court previous to that at which the final trial was had, and at which there was a *mistrial,* an entry appears to have been made on the minutes, as follows : " Came the parties by their attorneys, and the plaintiff released, in open Court, *Ezekiel Fuller* from any responsibility or liability in this action, before he was qualified as an evidence."

On the final trial, a bill of exceptions was taken, which states that the plaintiff below offered *E. Fuller,* (who was the *indorsee* of the *defendant* and the *indorser* of the *plaintiff,*) to prove that the defendant had promised to pay *him,* the witness, the amount of the note sued on. The competency of the witness being objected to, the plaintiff produced the above entry as evidence of a release to the witness. The defendant still objected,

1st. To the sufficiency of the release.

2d. To the plaintiff's right to make it.

3d. That if sufficient as a release, it discharged the defendant from liability in this action, and the plaintiff ought not to be permitted further to prosecute it; and that *Fuller* was still an incompetent witness.

These objections were overruled, and the witness was permitted to testify. There is no shewing more definite as to what the witness did swear. A verdict and judgment having been rendered in favor of

the plaintiff below, Kennon, the defendant, prosecutes this writ of error, and assigns as causes,—

1. The overruling his objections to the competency of *Fuller* as a witness, and his exceptions respecting the *effect* of the supposed release.

2. That the fact, the witness was introduced to prove, was inadmissible testimony.

No other question appears to have been made below, reserved for the consideration of this Court, than that respecting the *competency* of the witness to prove the promise of the defendant to pay him (the witness) the amount of the note sued on, and the effect of the release, if valid.

Respecting the *admissibility* of the evidence, no objection appears to have been made, unless one of the reasons assigned against the *competency* of the witness, (that the evidence sought from him would discharge the defendant from liability in the action,) can be so regarded. It is clear, however, that if a plaintiff be about to introduce evidence which will have the effect to defeat his action, the defendant has no right to object to its introduction. It is equally obvious that he can not avail himself of such matter as an objection to the competency of the witness. If evidence introduced by a plaintiff has no tendency to support the action ; or if it can operate to defeat it, by discharging the liability of the defendant, or otherwise, it is the undoubted privilege of the latter to avail himself of this advantage, by motion to the Court for instructions to the jury respecting the legal effect of the evidence, and if not given, can assign the failure as error. But here, if the release could have had any such effect, (which is by no means admitted) it does not appear that any instructions to the jury were either requested or given.

Then it remains for me to enquire, whether Fuller was a competent witness to prove Kennon's promise to make the payment to him?

The rule of practice in this respect has undergone material changes. At an early period in the history of jurisprudence, it was generally held, that if a witness had an interest in the *question* put to him, he was incompetent. "But a distinction has since been made between an interest in the *question* put to the witness, and an interest in the *event of the suit;* and the general rule now established is, that a witness will not be disqualified on the ground of interest, unless he is interested *in the event of the suit.*"[a] Such is declared to be the modern rule in the English Courts, and the same has been frequently recognized in the United States. In *Van Nuys* vs. *Terhune,*[b] the Supreme Court of New York, says, "The rule by which a witness is excluded on the ground of interest, seems to have fluctuated, at different periods, but on a careful examination of all the authorities, ancient and modern, the general rule will be found to be, that if a witness will not gain or lose, by the *event* of the cause, or if the verdict cannot be given in evidence *for* or *against* him, in another suit, the objection goes to his *credit* only, and not to his *competency.* Generally, therefore, an interest in the *question* alone will not disqualify the witness, but the objection goes to his credit only:" they add, "we do not mean to say but that there may be some technical exceptions to the rule; but the rule in its general application is correct, and is the one adopted by the Court." (See also *Phelps* vs. *Winchell.*[c]) That this witness was interested in the question, there can be no doubt. I will enquire if he was not also in the event of the suit.

[a] 1 Phil. Ev. 36, & authorities cited.

[b] 3 Johns. Cas. 82.

[c] 1 Day, 270.

A case mainly relied on by the counsel for the plaintiff in error is, that of *Stephens* vs. *Lynch*,[a] That was an action by the endorsee against the drawer of a bill of exchange, payable to *Cleland*, and accepted by *Jones*. There being no direct evidence of notice having been given of the dishonor of the bill, *Cleland* was tendered as a witness to prove that the defendant had subsequently acknowledged his liability upon it, and promised to pay it. The witness was objected to on the ground of interest. *Lord Ellenboro*, remarked, that the objection would exclude the party to a bill in every case where he comes to assist the plaintiff; and decided that *Cleland* had not such a direct interest in the event of the suit as to exclude him.

This was a decision at *Nisi Prius*, and the question does not appear to have been elaborately argued, or deliberately examined by the Court: no authorities appear to have been quoted, nor was any reason given, except as noticed, that " the objection would exclude the party to a bill in every case where he comes to assist the plaintiff." I may be permitted to remark, that this consequence does not necessarily follow; for if the party called had endorsed without recourse upon himself; or if his endorsement was subsequent to that in favor of the plaintiff, these, or other similar circumstances, would materially vary the question of interest, or clearly show him to be indifferent. In cases where the witness is clearly interested; if his interest be *equi-ponderant*, by a like responsibility to one of the parties, in either event of the suit, his interest being neutralized, he is competent; though interested in the *question* or *subject* of the suit, he is indifferent to the result of that action.

*[a] 2 Camp.Rep. 332.—12 East, 38, S. C.*

It is true the case referred to of *Stephens* vs. *Lynch* has been quoted as authority by *Starkie* in his *Treatise on Evidence*; by *Phillips* (2 vol. 40) and by *Chitty on Bills*, (417)—without any expressions of dissent;, and has in some instances been recognised by Courts of respectable authority. In the late treatise on *Pl. and Ev.* by *Saunders*, (vol. 1, 316,) its authority is also recognised, and this reason assigned in support of the principle; that though a recovery and satisfaction in the suit by the subsequent indorsee against the prior party, would extinguish and destroy the debt, and of course exempt the witness from farther responsibility to any one; when a failure might subject him to the necessity of paying the debt; yet his liability would not be certain, and should he be even compelled to pay, he may afterwards seek his redress against the same original defendant, or some other prior party. The force of this reasoning may well be questioned. It is very evident that these considerations do not neutralize the witness' interest: for though it be not *certain* that a recovery can be effected against him, such is the legal presumption; and if it be had, he must then pay the debt, and seek his redress against a defendant, who has once successfully resisted the demand, or some other prior party to the security, who may well be presumed entitled to the benefit of the same defence, which has once prevailed in favor of another in a similar condition. This view of the subject, is, I think entitled to great weight, under the peculiar circumstances of this case; the most material of which is, the great lapse of time, during which it may be inferred, Fuller the witness, slept upon his rights. The indorsement from Kennon to him, is without date, and would there-

fore refer, in the absence of other proof, to the last anterior indorsement, which is that in favor of Kennon, bearing date more than four years prior to Fuller's indorsement to the present plaintiff. This fact suggests the probability, that by *laches*, or otherwise, Fuller had lost his remedy on the note. If so, there was a strong inducement for the manufacture of evidence to restore the demand : in an action by Fuller, he could not expect to be admitted as a witness; then shall a mere assignment from him to the plaintiff, have the effect to remove the objection of interest, and establish the competency of the former as a witness. I maintain, that the indorsement alone, is not evidence even of a consideration passing between the parties to it, *as against the defendant in the action.* It would be sufficient to authorise a recovery against the defendant, in favor of the last indorsee, no other objection being interposed, because then the defendant would be indifferent whether the recovery be in favor of one indorsee or another; and if the last indorsee (properly constituted) hold only as agent, he may recover as indorsee alone for the benefit of his principal against any party who would be directly responsible to the latter. Then, while such may be the nature of this assignment, and while the law recognizes the indorser's *interest* in the *event* of the suit, it appears to me that no sufficient equi-ponderance can be supposed to exist, to remove the objection.

But aside from any peculiarity in this case, and admitting the relaxation of the rule of evidence to its full extent, that interest in the *question*, or *subject* of the suit, is an objection only to the *credibility*, and not to the *competency* of the witness ; there is still strong authority for the rejection of this witness.

In the case of *Buckland* vs. *Tankard*,[a] the action was by the indorsee of a bill of exchange against the acceptor. The defendant called *Gregson*, who was the first indorser, to prove that the plaintiff had no property in the bill—that *Gregson* had only delivered it to him to receive payment from the defendant, and not with intent to convey any interest to him ; for that in truth he had not paid any consideration for the bill. *Gregson* admitted on examination that he claimed an interest in the bill. Lord *Kenyon*, at *Guildhall*, rejected him, as being an interested witness. The case being removed into the Court of *King's Bench*—*Kenyon*, Chief Justice, said the whole question turned on this—*whether the witness's situation would or would not be bettered by the event of the verdict in the case.* He was still of the opinion that it would : " for, if the plaintiff should succeed, Gregson would be put to much greater difficulties to get back the money than if the plaintiff should be foiled by means of his testimony ;" and therefore, on the ground of *interest*, he thought the witness was properly rejected ; and such was the opinion of that Court.

The same remarks are equally applicable to this witness. His situation, as disclosed by the record, established his interest, no less than the admission of Gregson did his: (and without the admissions the law would have implied an interest against the party calling him :) the fact sought to be proven in both cases, was an alleged agreement or promise between the witness and the party against whom he was introduced. Here it may be observed, Fuller was introduced to prove a promise to pay to *him* individually, by his immediate indorser. If the plaintiff could

*5 T. Rep.578.

not recover against the indorser—the promise inuring ₐChit. jr. on B
equally for the benefit of the former"—from that cir- 61.
cumstance alone, it might be inferred that Fuller
could not—that the *laches* would interpose an equal
'bar to any action he might bring. Then may it not
well be said, that, if the plaintiff in this action fail,
the *witness will be left in a much worse situation than
if he succeed.*

There are various other decisions in the *English*
Courts, recognising the same principle. Eminent
Judges have declared the subject to be one of great
difficulty and embarrassment; and that the decisions
relative to the competency of witnesses, in respect to
their interest, have been so variant and conflicting,
that it has been impossible to reconcile them; and
that the question must often depend on the peculiar
circumstances of the case in which it arises.—(See
*Burt* vs. *Baker, et al.*[b])

I will also notice a few American cases on this ᵇ3 Term R. 27.
point. In *Herrick* vs. *Whitney,*[c] the action was by c15 Johns.240.
the indorsee, against the maker of the note. *Fitch,*
the indorser, was called by the plaintiff to prove the
*execution* of the note by the defendant. He stated
that he had transferred the note to one *Cummings,* in
payment for a pair of horses, but at the risk of *Cum-
mings* as to the *solvency* of the maker, and that he
had no interest in the suit—yet the defendant's coun-
sel objected to the competency of the witness; and
the question reached the Supreme Court. There it
was ruled, that the witness was responsible upon an
implied warranty that the note was not *forged;* that
he therefore had a direct interest in establishing the
fact he was called to prove, and was incompetent.
*The Supreme Court of Massachusetts* has also held,
in more than one case, that in an action by the in-

dorsee against the drawer, the indorser is not a competent witness to prove the *hand writing* of the drawer, without a release, or its equivalent—a discharge from liability on the indorsement.—*Barnes* vs. *Ball.*[a] *Rice* vs. *Starnes.*[b]

*1 Mass. R. 73*
*b3 ib. 225.*

*c 2 Day, 399.*

In the case of *Owen* vs. *Mann,*[c] the question of competency occurred on the trial of an ejectment, in which the controversy solely regarded the title to the estate demanded.    *Mann*, the defendant, having purchased, with warranty, from one *Barber*, had given to the latter his note for the purchase money.    The note had been assigned by *Barber*, who appeared to be a man of property, to *Jones*, and after the commencement of the ejectment, the latter applied to the defendant for payment.    After some hesitation, the defendant paid the note, on condition that *Jones* should refund the money, if judgment in the pending action should be rendered against the defendant.    To this effect *Jones* executed a covenant, in which it was agreed that the note should remain in his possession, as if nothing had been advanced upon it; so that, in the event of a recovery by *Owen*, against the defendant, he might take his remedy against *Barber*, his indorser.    *The Supreme Court of Errors* adjudged the witness incompetent, on the ground of interest.  They said, if the *interest is counteracted by an equal interest* on the other side, the witness is competent.    But if there be the least *inequality* of interest—that is, if a recovery on one side is more interesting to the person called, in a pecuniary point of view, than on the other, he cannot be permitted to testify.    They considered it manifestly clear, that *Jones* was not an indifferent witness, for the reason, that if judgment should be rendered against the defendant, he, *Jones* would be obliged *immediately* to refund the money received of

KENNON vs. M'RAE.

*Mann*, while his demand for a similar amount on *Barber*, might be long postponed—then be sought after with great expense, and eventually fail, through *Barber's* insolvency.  They assimilated the situation of *Jones*, to the condition of bail, when called by his principal, whose incompetency they considered too well settled to require the formality of proof; but whose situation was less objectionable than *Jones'*.

The authorities already reviewed, and the reflections advanced, appear to me to establish sufficiently the incompetency of this witness; but there is one other consideration strengthening this conclusion.  It is this, that whether an indorser who has paid off the bill or note to a subsequent indorsee who has obtained a judgment on the same, can not, by mere operatson of law, claim the right of cession or subrogation to all the benefits of the judgment, is at least questionable; and that he can have his benefit by an assignment of the judgment, seems to be settled.— (See *Braham & Atwood* vs. *Ragland, Turner, et al.*[a]) [a]3 Stewart, — and authorities there cited. This may be considered nearly tantamount to an independant right of cession; as it may be assumed that the plaintiff in the judgment would, generally, consider it a sufficient inducement to assign his interest to any one who would pay him the amount demanded.  Under this principle, one in the situation of *Fuller*, supposing his right of recourse on the note to have been lost, would be enabled to restore it indirectly, by assisting his indorsee to recover the judgment, then paying it, and receiving a cession, or an assignment of it.  In this view, he would be materially interested in the event of the suit.

From this examination of the subject, I think it results, that as a general rule, an indorser of a note or bill is incompetent in respect to his *interest*, as a wit-

ness in favor of a *subsequent* indorsee, to charge any party to the instrument whose liability is *anterior* to his own; and that the objection to the competency of this witness is more obvious from the peculiar circumstances of the case, already adverted to.

I have examined the case independently of the supposed release, because we think it can have no effect as such. It cannot be regarded as a part of the record, *Fuller* being no party to the suit: and not being signed, sealed or delivered to the witness, it can not be regarded as a deed, or sufficient evidence of any contract. A further objection to it is, that it imports only a discharge from any interest *in that action*, and would not necessarily operate as a release from his liability to a *subsequent action as indorser* of the same note.

We are therefore of opinion, the judgment below must be reversed, and the cause remanded.